IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT RYAN, # M-29560, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-cv-822-GPM |
| | ) |
| LAWRENCE CORRECTIONAL CENTER | ) |
| MEDICAL UNIT, | ) |
| DR. FENOGLIO, | ) |
| NURSE WOOD, and, | ) |
| DON CUNNINGHAM | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**MURPHY, District Judge**:

Plaintiff, currently incarcerated at Lawrence Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims generally Defendants were deliberately indifferent to a serious medical condition. More specifically, Plaintiff, who suffers from seizures, claims that at one point during his incarceration, from 1/18/12 to 3/15/12 he was not given the proper dosage of a prescribed medication by Nurse Woods. Plaintiff additionally alleges that he submitted request slips to Defendant Cunningham and to the paramedics at Lawrence. Defendant does not state the nature of the requests or the dates of submission. As to Defendant Fenoglio, M.D. Plaintiff's complaint is that Dr. Fenoglio has not interviewed him since Plaintiff's arrival at Lawrence.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has failed

1

to articulate a colorable federal cause of action against Defendants for deliberate indifference to medical needs.

> In order to state a claim of cruel and unusual punishment under the Eighth Amendment, a prisoner must allege "'acts and omissions sufficiently harmful to evidence deliberate indifference to serious medical needs,'" *Benson v. Cady*, 761 F.2d 335, 340 (7th Cir. 1985), *quoting Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). "[T]he infliction of suffering on prisoners can be found to violate the Eighth Amendment only if that infliction is either deliberate, or reckless in the criminal law sense." *Duckworth [v. Franzen]*, 780 F.2d [645,] 652-53 [(7th Cir. 1985), *cert. denied*, 107 S.Ct. 71 (1986)]. Negligence, gross negligence, or even "recklessness" as that term is used in tort cases, is not enough. *Id.* at 653.

*Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987).

Defendant has not alleged that Defendant Woods deliberately denied him a proper dosage of his medication. Indeed, Plaintiff received his correct prescription prior to filing his complaint. Additionally Plaintiff has failed to plead any facts that show that Defendants Fenoglio, Cunningham, or Lawrence Correctional Center Medical Unit are personally responsible for violating Plaintiff's Eighth Amendment rights. "Public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (doctrine of respondeat superior does not apply to § 1983 actions). Accordingly, these claims are dismissed with prejudice.

**Disposition**

Plaintiff's claims against all Defendants for deliberate indifference to a serious medical need fail to state a claim upon which relief can be granted and are **DISMISSED** from this action **with prejudice**. Defendants **WOODS, FENOGLIO, CUNNINGHAM, AND LAWRENCE CORRECTIONAL CENTER MEDICAL UNIT** are dismissed with prejudice.

Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of **28 U.S.C. § 1915(g)**.  The Clerk of the Court is **DIRECTED** to CLOSE this case on the Court's docket.

**IT IS SO ORDERED.**

**DATED:** September 18, 2012

/s/ **G. Patrick Murphy**
G. PATRICK MURPHY
United States District Judge
